IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                     No. CR 05-246 JC

RAMON CAMPOS-GUEL,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the *United States' Motion in Limine to Exclude Evidence*, filed July 3, 2006 (*Doc. 64*) ("Motion"). Having considered the Motion and the relevant authority, I find the Motion well-taken and it is, therefore, GRANTED.

Defendant Campos-Guel was arrested in Las Vegas, New Mexico on October 19, 2004. Immigration records indicated that Campos-Guel had previously been deported from the United States. Evidently, Campos-Guel intends to introduce evidence at trial for the purpose of establishing that he was unaware of his illegal status in the United States; that he was unaware of his prior deportation; or that he had legitimate reasons for re-entry into the United States. The Government seeks exclusion of any such evidence as irrelevant under Fed. R. Evid. 401. Campos-Guel does not respond.[1]

---

[1] No response brief to the Government's Motion has been received by the Court, though Campos-Guel filed his *Motion in Limine to Exclude Admission of the Defendant's Prior Record and to Delete or Avoid References to Defendant's Conviction(s) in any Exhibits, Jury Instructions, Witness Testimony, and in the Court's Reading of the Indictment to the Jury* on July 13, 2006 (*Doc. 69*). Defendant's Motion in Limine is currently under consideration by the Court.

Campos-Guel is charged with illegal re-entry after deportation, contrary to 8 U.S.C. §1326(a)(1) and (2) and 8 U.S.C. § (b)(2). As the Government correctly identifies, the elements of the crime charged are: (1) the defendant was an alien at the time he was found in the United States as alleged in the indictment; (2) the defendant had been deported or removed previously from the United States; (3) thereafter the defendant entered, or was found, in the United States; and (4) the defendant had not received the consent of the appropriate authority, i.e., the Attorney General or Secretary of Homeland Security, to apply for readmission to the United States since the time of previous deportation. *See* 8 U.S.C. § 1326; 10th Cir. Criminal Pattern Jury Instructions 2.05 (2005).

Title 8 U.S.C. Section 1326 describes a crime of general intent. *U.S. v. Martinez-Morel*, 118 F.3d 710, 713 (10th Cir. 1997). Accordingly, in order to secure a conviction, the Government need only prove that a defendant's act, i.e., entry or presence in the United States, was intentional. *Id.* "the only intent the Government must prove is the general intent to do the prohibited act, to wit enter." *Id.* at 712. Intent to break the law need not be proven. *U.S. v. Miranda-Enriquez*, 842 F.2d 1211, 1212-13 (10th Cir. 1988). Moreover, it is settled that a defendant's good faith belief that he was entitled to enter the United States is not a defense. *Id.* at 1213; *see also U.S. v. Champegnie*, 925 F.2d 54, 55 (2nd Cir. 1991) ("[A] good faith or mistake defense does not exists under Section 1326."). Nor is evidence that a defendant believed he had reason to enter the United States relevant to a determination of guilt or innocence under the crimes charged. *See Martinez-Morel*, 118 F.3d at 713.

In summary, I find the Government's Motion well-taken, for none of the above described

evidence is relevant and shall be excluded from trial pursuant to Fed. R. Evid. 401.

WHEREFORE,

**IT IS ORDERED** that the *United States' Motion in Limine to Exclude Evidence*, filed July 3, 2006 (*Doc. 64*) is GRANTED, and the evidence described herein is excluded from trial in this matter.

Dated July 17, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Norman Cairns, AUSA

Counsel for Defendant:

    Serapio Jaramillo, Esq.